**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

**DANIEL KHOSHABA,**

**Plaintiff,**

**v.** **Civil No. 2:24cv237**

**JOSEPH D. STILWELL, et al.,**

**Defendants.**

**FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT**

This matter came before the Court pursuant to the Order Granting Preliminary Approval Pursuant to Fed. R. Civ. P. 23(e)(1) and Permitting Notice to the Class dated December 3, 2025, ECF No. 100 (the "Notice Order"), and on the application of the parties for approval of the Settlement set forth in the Stipulation dated October 21, 2025, ECF No. 94-1 (the "Stipulation"). Due and adequate notice having been given to the Class as required in said Notice Order, and the Court having considered all papers filed and proceedings held herein, and good cause appearing, the following is hereby **ORDERED, ADJUDGED, AND DECREED**:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Class Members.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby affirms its determination in the Notice Order and finally certifies, solely for purposes of

effectuating the Settlement, a Class defined as: all Persons who (i) held Wheeler common stock as of August 16, 2021 or (ii) purchased Wheeler common stock between August 16, 2021 and September 20, 2023, inclusive. Excluded from the Class are (i) Defendants in the Litigation, members of their immediate families, and the legal representatives, heirs, successors, or assigns of any of the foregoing; and (ii) any entity in which Defendants in the Litigation have or had a controlling interest at any time on or after August 16, 2021. Also excluded from the Class is any Person who would otherwise be a Class Member but who validly and timely requested exclusion in accordance with the requirements set by the Court.

4. Solely for purposes of the Settlement of the Litigation, the Court finds that: (i) the number of Class Members is so numerous that joinder of all members is impracticable; (ii) there are questions of law and fact common to the Class that predominate over any individual question; (iii) the claims of Plaintiff are typical of the claims of the Class; (iv) Plaintiff and his counsel have fairly and adequately represented the interests of the Class; (v) the Class Members are readily identifiable in reference to objective criteria; and (vi) a class action is superior to other methods for the fair and efficient adjudication of the controversy, considering (a) the interests of the Class Members individually controlling the prosecution with separate actions, (b) the extent and nature of any litigation concerning the controversy already commenced by Class Members, (c) the desirability or undesirability of concentrating any litigation of these claims in this particular forum, and (d) the difficulties likely to be encountered in the management of the class action.

5. Pursuant to Federal Rule of Civil Procedure 23, the Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation, the amount of the Settlement, the releases provided for therein, and the dismissal with prejudice of the claims asserted against Defendants in the Litigation) and finds that:

a. said Stipulation and the Settlement contained therein are, in all respects, fair, reasonable, and adequate and in the best interests of the Class;

b. Plaintiff and Plaintiff's Counsel have adequately represented the Class;

c. there was no collusion in connection with the Stipulation;

d. the Settlement was the product of informed, arm's-length negotiations among competent, able counsel;

e. the relief provided for the Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Class, including the method of processing Class Members' Claims; (iii) the terms of any proposed award of attorneys' fees, including the timing of payment; and (iv) any agreement required to be identified under Federal Rule of Civil Procedure 23(e)(2);

f. the proposed Plan of Allocation treats Class Members equitably relative to each other; and

g. the record is sufficiently developed and complete to have enabled Plaintiff and Defendants to have adequately evaluated and considered their positions.

6. Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. Except as to any individual claim of those Persons who have validly and timely requested exclusion from

the Class,[1] the Court hereby dismisses the Litigation and all claims asserted therein with prejudice. The Settling Parties are to bear their own costs, except as and to the extent provided in the Stipulation and herein.

7. Without further action by anyone, upon the Effective Date, and as provided in the Stipulation, Plaintiff and the Releasing Plaintiff Parties shall, and each of the Class Members, on behalf of themselves, their successors, and their assigns, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever, waived, released, relinquished, discharged, and dismissed with prejudice all Released Claims against the Released Defendant Parties, whether or not such Class Member executes and delivers the Proof of Claim and Release form or shares in the proceeds of the Net Settlement Fund. The Released Claims are hereby compromised, settled, released, discharged, and dismissed as against the Released Defendant Parties on the merits and with prejudice by virtue of the proceedings herein and this Judgment. The releases set forth in ¶¶ 4.1 through 4.4 of the Stipulation (the "Releases"), together with the definitions contained in ¶¶ 1.1 through 1.31 relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Nothing contained herein shall release or bar any of the Releasing Plaintiff Parties or Released Defendant Parties from bringing any action or claim to enforce the terms of the Stipulation or this Final Judgment.

8. Upon the Effective Date, and as provided in the Stipulation, Plaintiff, the Releasing Plaintiff Parties, all Class Members, and anyone claiming through or on behalf of them, will be forever barred and enjoined from asserting, commencing, instituting, prosecuting, continuing to prosecute, or maintaining any action or other proceeding in any court of law or equity, arbitration

---

[1] The Court is aware of no such Persons. Furthermore, after proper notice was given to the Class, no objections were timely filed, and no member of the Class appeared at the hearing on final approval.

tribunal, or administrative forum, asserting any of the Released Claims against any of the Released Defendant Parties.

9. Without further action by anyone, upon the Effective Date, and as provided in the Stipulation, each of the Released Defendant Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever, waived, released, relinquished, discharged, and dismissed with prejudice all Released Defendants' Claims against the Releasing Plaintiff Parties. Claims to enforce the terms of the Stipulation are not released.

10. Upon the Effective Date, (i) all Persons shall be permanently enjoined, barred, and restrained from commencing, instituting, prosecuting, or maintaining any claims, actions, or causes of action for contribution against any of the Released Defendant Parties seeking as damages or otherwise the recovery of all or part of any liability, judgment, or settlement that they pay or are obligated to pay to the Releasing Plaintiff Parties arising out of, relating to, or concerning the Released Claims; and (ii) all Released Defendant Parties shall be permanently enjoined, barred, and restrained from commencing, instituting, prosecuting, or maintaining any claims, actions, or causes of action for contribution against any Persons seeking as damages or otherwise the recovery of all or part of any liability, judgment, or settlement that they pay or are obligated to pay to the Releasing Plaintiff Parties arising out of, relating to, or concerning the Released Claims; ***provided that*** clauses (i) and (ii) of this paragraph shall not be construed to apply to any claim under an insurance policy or similar agreement or any indemnification rights that any of the Individual Defendants may have.

11. The notice given to the Class was the best notice practicable under the circumstances, including the individual notice to all Class Members who could be identified through reasonable effort. Said notice provided the best notice practicable under the

circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, and any other applicable law. No Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged and that the statutory waiting period has elapsed. Thus, the Court hereby determines that all Class Members are bound by this Judgment.

12. Any Plan of Allocation submitted by Plaintiff's Counsel or any orders entered regarding any Fee and Expense Application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment. A separate order shall issue regarding approval of the Plan of Allocation and the Fee and Expense Application.

13. Any appeal or any challenge affecting solely the approval of (i) the Plan of Allocation submitted by Plaintiff's Counsel, and/or (ii) any Fee and Expense Application shall in no way disturb or affect the finality of the other provisions of this Judgment nor the Effective Date of the Settlement.

14. Neither this Judgment, the Stipulation, the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is, or may be deemed to be, or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Defendant Parties; or (ii) is, or may be deemed to be, or may be used as an admission of, or evidence of, any

fault of any of the Released Defendant Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Released Defendant Parties may file the Stipulation and/or this Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15. The Court finds that Defendants have satisfied their initial financial obligations under the Stipulation by paying or causing to be paid $5,343,750.00 into the Escrow Account. Within twenty (20) business days after the entry of this Judgment, Defendants shall pay the remaining $1,781,250.00 of the Settlement Amount into the Escrow Account.

16. Without affecting the finality of this Judgment in any way, this Court hereby retains jurisdiction over: (i) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (ii) disposition of the Settlement Fund; (iii) hearing and determining any Fee and Expense Application; and (iv) all parties herein for the purpose of construing, enforcing, and administering the Stipulation.

17. The Court finds and concludes that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11 in connection with the institution, prosecution, defense, and settlement of the Litigation.

18. The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Plaintiff, and all other Class Members (regardless of whether any individual Class Member submits a Proof of Claim and Release form or seeks or obtains a distribution from the proceeds of the Net Settlement Fund), as well as their respective successors and assigns.

19. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to Defendants or any Person that contributed to the Settlement Fund on Defendants' behalf, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settling Parties shall revert to their respective positions in the Litigation as of the date the Stipulation was executed, as provided in the Stipulation.

20. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation. The Settling Parties are hereby authorized to agree to and adopt such amendments or modifications to the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (i) are not materially inconsistent with this Judgment; and (ii) do not materially limit the rights of Class Members in connection with the Settlement.

21. The Litigation and all Released Claims are dismissed with prejudice. The parties are to bear their own costs, except as otherwise agreed to in writing by the Settling Parties or as otherwise provided in the Stipulation or this Judgment.

**IT IS SO ORDERED**.

/s/ MSD

Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
April 1, 2026