**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

**DANIEL KHOSHABA,**

**Plaintiff,**

**v.** **Civil No. 2:24cv237**

**JOSEPH D. STILWELL, et al.,**

**Defendants.**

**ORDER AWARDING ATTORNEYS' FEES AND EXPENSES AND A SERVICE AWARD TO LEAD PLAINTIFF AND APPROVING THE PLAN OF ALLOCATION**

WHEREAS, Lead Plaintiff and Lead Counsel, having made a motion pursuant to Federal Rules of Civil Procedure 23(h) and 54(d)(2) for an order (1) awarding Lead Counsel attorneys' fees of 28% of the Settlement Amount, plus expenses in the amount of $601,561.43, together with the interest earned on both amounts for the same time period and at the same rate as that earned on the Settlement Fund until paid; (2) awarding Lead Counsel Notice and Administration Expenses in the amount of $12,000; and (3) awarding Lead Plaintiff a service award in the amount of $50,000, ECF No. 108 (the "Fee Motion");

WHEREAS, Lead Plaintiff, having made a motion for final approval of the Settlement and approval of the Plan of Allocation, ECF No. 102 (the "Final Approval Motion");

WHEREAS, unless otherwise defined, all capitalized terms used herein shall have the same meanings as set forth in the Stipulation of Settlement, dated October 21, 2025, ECF No. 94-1 (the "Stipulation");

WHEREAS, the Court, having read and considered: (i) the Fee Motion and the papers filed, and arguments made, in connection therewith; and (ii) the Final Approval Motion and the papers filed, and arguments made, in connection therewith, including the Plan of Allocation attached as an Exhibit thereto, ECF No. 102-1;

**NOW, THEREFORE, IT IS HEREBY ORDERED**:

1. This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all members of the Class who have not timely and validly requested exclusion.

2. Notice of the Fee Motion was given to all Class members who could be located with reasonable effort. The form and method of notifying the Class of the Fee Motion met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

3. The Court hereby awards Lead Counsel attorneys' fees of 28% of the Settlement Amount, plus expenses in the amount of $601,561.43, together with the interest earned on both amounts for the same time period and at the same rate as that earned on the Settlement Fund until paid. The Court finds that the amount of fees awarded is fair and reasonable.

4. The Court hereby awards Lead Counsel Notice and Administration Expenses in the amount of $12,000.

5. The awarded attorneys' fees and expenses and interest earned thereon, and the awarded Notice and Administration Expenses, shall be paid to Lead Counsel immediately after the date this Order is executed subject to the terms, conditions, and obligations of the Stipulation, which are incorporated herein.

6. In making this award of fees and expenses to Lead Counsel, the Court has considered and found that:

(a) through the efforts of Lead Counsel, the Settlement has created a fund of $7.125 million in cash, and numerous Class members who submit, or have submitted, valid Proof of Claim and Release Forms will benefit from the Settlement created by Lead Counsel;

(b) nearly 14,500 copies of the Notice or the Postcard Notice were disseminated to potential Class members or their nominees indicating that Lead Counsel would move for attorneys' fees in an amount up to 28% of the Settlement Amount and for expenses in an amount not to exceed $665,000, plus interest on both amounts;

(c) Lead Counsel has pursued the Litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

(d) Lead Counsel has expended substantial time and effort pursuing the Litigation on behalf of the Class;

(e) Lead Counsel pursued the Litigation on a contingent basis, having received no compensation during the Litigation, and any fee amount has been contingent on the result achieved;

(f) the Litigation involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(g) had Lead Counsel not achieved the Settlement, there would remain a significant risk that the Class may have recovered less or nothing from Defendants;

(h) Lead Counsel has devoted over 1,570 hours, with a lodestar value of approximately $1.43 million, to achieve the Settlement;

(i) public policy concerns favor the award of reasonable attorneys' fees and expenses in class action litigation; and

(j) the attorneys' fees and expenses awarded are fair and reasonable and consistent with awards in similar cases in the Eastern District of Virginia and the Fourth Circuit.[1]

7. Any appeal or challenge affecting this Court's approval regarding the Fee Motion shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

8. The Court hereby awards Lead Plaintiff a service award in the amount of $50,000. Such service award shall be paid to Lead Plaintiff immediately after the date this Order is executed subject to the terms, conditions, and obligations of the Stipulation.

9. Notice of the Plan of Allocation was given to all Class members who could be located with reasonable effort. The form and method of notifying the Class of the Plan of Allocation met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process,

---

[1] In making these findings, the Court does not endorse the hourly rates submitted by Lead Counsel as generally reasonable in this district and division. See ECF No. 110-1 (listing hourly rates as high as $1,450). Because the Court adopts the "percentage-of-the-fund method," reference is made to those rates only for purposes of "a lodestar cross-check to ensure the [28 percent] fee award is reasonable." In re Cap. One Consumer Data Sec. Breach Litig., No. 1:19cv2915, 2022 WL 17176495, at *1, 5 (E.D. Va. Nov. 17, 2022). Here, using the hours and rates as submitted results in a "lodestar multiplier" of 1.39. ECF No. 110, at 2; ECF No. 109, at 22. Thus, even discounting those rates by half (or more), the resulting multiplier would still suggest the reasonableness of the 28 percent award. In re The Mills Corp. Sec. Litig., 265 F.R.D. 246, 265 (E.D. Va. 2009) ("[C]ourts 'have generally held that lodestar multipliers falling between 2 and 4.5 demonstrate a reasonable attorneys' fee.'" (quoting Jones v. Dominion Res. Servs., Inc., 601 F. Supp. 2d 756, 766 (S.D.W. Va. 2009))).

and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

10. The Court finds and concludes that the formula for the calculation of the claims of Authorized Claimants that is set forth in the Plan of Allocation provides a fair and reasonable basis upon which to allocate the proceeds of the Net Settlement Fund established by the Stipulation among the Authorized Claimants, with due consideration having been given to administrative convenience and necessity.

11. The Court finds and concludes that the Plan of Allocation is, in all respects, fair and reasonable, and the Court hereby approves the Plan of Allocation.

**IT IS SO ORDERED.**

/s/ MSD

Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
April 6, 2026